IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON CHASE-KEYES,  :  <br>     Plaintiff,         : <br>                     : <br>     v.                   : <br>                     : <br> SPRINGFIELD TOWNSHIP POLICE  : <br> DEPARTMENT, *et al.*,   : <br>     Defendants.        : | CIVIL ACTION NO. 25-CV-5043 |

<u>MEMORANDUM</u>

**BEETLESTONE, C.J.**                                                                                            OCTOBER 9 , 2025

      Aaron Chase-Keyes filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming the Springfield Township Police Department ("STPD"), the Chief of Police, and "John Doe" Defendants, described as STPD police officers. Chase-Keyes also brings claims under state law and seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

**I.     FACTUAL ALLEGATIONS**[1]

      Chase-Keyes's allegations are brief. He alleges that on June 16, 2023, STPD police officers entered his "fenced backyard without a warrant, consent, or exigent circumstances" and his "surveillance system captured images of the unlawful entry." (Compl. at 2.) He attached an exhibit to his Complaint consisting of eight images. (*See* ECF No. 2-1.) He claims "the images illustrate the unconstitutional entry into [his] private property." (*Id.* at 1.) He further alleges that

---

[1] The factual allegations are taken from Chase-Keyes's Complaint ("Compl."), which consists of two typewritten pages. (ECF No. 2.) He also attached a one-page declaration, *see id.* at 3, and an exhibit, *see* ECF No. 3-1, to his Complaint. The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

in January 2024, STPD police officers "returned and destroyed [his] camera system." (Compl. at 2.)

As a result of these events, Chase-Keyes brings claims for violations of his Fourth Amendment and Fourteenth Amendment rights, destruction of property and retaliation, trespass, and intentional infliction of emotional distress. (*Id*. at 2.) He seeks money damages, "suppression of favorable evidence,"[2] and a declaratory judgment that his constitutional rights were violated.[3] (*Id*.)

## II. STANDARD OF REVIEW

The Court grants Chase-Keyes leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." *Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)). Chase-Keyes does not state any factual allegations regarding what evidence was seized, in what context is it favorable, and how it has any relevance to this civil action. Further, as a general matter, federal courts may not intervene in state criminal trials, so to the extent he was asking for such relief, it is not something this Court would authorize. *See generally Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023). He also does not provide any facts in support of his passing reference to "retaliation."

[3] Declaratory relief is unavailable to adjudicate past conduct, so his request for this type of relief is dismissed. *See Corliss v. O' Brien*, 200 F. App' x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App' x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App' x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Chase-Keyes is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### III.   DISCUSSION

Chase-Keyes asserts his federal constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

#### A.   Claims Against the STPD

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may

be liable under § 1983,[4] a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the STPD is not a proper defendant in this case under Section 1983 and will be dismissed.

### B.   Fourth Amendment Claims

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  Chase-Keyes's factual allegations for his Fourth Amendment claims against the remaining Defendants are sparse.  He alleges that on June 16, 2023, STPD police officers entered his "fenced backyard without a warrant consent, or exigent circumstances" and his "surveillance system captured images of the unlawful entry." (Compl. at 2.)  His allegations are undeveloped as pled because he did not sufficiently describe the circumstances surrounding the entry to support an inference that the Defendants' actions were unconstitutional.  *See, e.g., Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must

---

[4] To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell,* 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

plead the circumstances under which the search arose.") (citation omitted), *aff'd sub nom. Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 (3d Cir. Nov. 8, 2023) (*per curiam*)).

Even had he sufficiently described the circumstances surrounding the alleged unlawful entry on June 16, 2023, his claims would still fail because they are time-barred. Section 1983 claims, such as those brought by Chase-Keyes, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524. A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).

Chase-Keyes's claims accrued at the time the STPD officers allegedly entered his property unlawfully, *i.e.*, June 16, 2023. *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"). Accordingly, he was required to bring his claims by June 16, 2025, at the latest. The docket reflects that this case was filed on August 28, 2025, and the envelope received from Chase-Keyes that contained his Complaint reflects a "received" stamp on that same date. (*See* ECF No. 2-1 at 6.) This is more than two months after his claims accrued. Nor is there any basis for tolling here. *See, e.g,*

*Nguyen*, 906 F.3d at 273; *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) (concluding that Fourth Amendment unreasonable search and seizure claims accrued when the search and seizure occurred because this was "the moment that [the plaintiff] indisputably knew about the alleged faults of search and seizure"). Since he did not file this lawsuit by June 16, 2025, it is apparent from the face of the Complaint that his Fourth Amendment claims must be dismissed as time-barred.

### C. Fourteenth Amendment Claims

Chase-Keyes brings a claim for "destruction of property and retaliation," which appears to assert due process claims in connection with the destruction of his camera system by STPD police officers in January 2024. (Compl. at 2.) Under the Fourteenth Amendment, Chase-Keyes is entitled to due process of law before the government can deprive him of his "life, liberty, or property." U.S. Const. amend. XIV, § 1, cl. 3. Nonetheless, an individual may not assert a claim under § 1983 for even an intentional deprivation of the individual's property by a government employee "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property do not violate due process).

Pennsylvania law provides Chase-Keyes with an adequate state remedy— the Pennsylvania Tort Claims Act— for the loss and destruction of his property. *See Spencer v. Bush*, 543 F. App' x 209, 213 (3d Cir. 2013) (*per curiam*); *Shakur v. Coelho*, 421 F. App' x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Thompson v. Ferguson*, No. 19-3455,

7

2019 WL 3573525, at *5 (E.D. Pa. Aug. 5, 2019) (dismissing Fourteenth Amendment claim based on the loss and destruction of property during a search because the Pennsylvania Tort Claims Act provides an adequate remedy); *Shiloh v. Does*, No. 12-1086, 2013 WL 5297511, at *8 (M.D. Pa. Apr. 19, 2013), *report and recommendation adopted sub nom. Shiloh v. John Does*, No. 12-1086, 2013 WL 4761124 (M.D. Pa. May 14, 2013) (dismissing Fourteenth Amendment deprivation of property claim based on damage done to the plaintiff's home and personal items during a search and seizure because the plaintiff could have filed a tort claim under Pennsylvania law, thus negating any due process violation).[5] Accordingly, any Fourteenth Amendment due process claims that Chase-Keyes asserts must also be dismissed.

### D. State Law Claims

Because the Court has dismissed Chase-Keyes's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the remaining state law claims for intentional infliction of emotional distress and trespass. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court

---

[5] A review of public records reveal that in January 2024, the same timeframe he asserts this claim occurred, a state criminal case was charged against him for possession of a firearm and recklessly endangering another person. *Commonwealth v. Chase-Keyes*, CP-46-CR-0001003-2024 (C.P. Montgomery). The arresting agency is listed as STPD. *Id.* The Court notes that Pennsylvania Rule of Criminal Procedure 588(A) may be an additional adequate state remedy, which provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). Courts in the Third Circuit have held that Rule 588(A) provides an adequate post-deprivation remedy for claims related to the seizure of property. *See McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (stating that "there is no cognizable Fourteenth Amendment procedural due process claim here as the state provided a reasonable post-deprivation process [with Rule 588(A)] to challenge the seizure of property and request its return" ); *Hammond v. Lancaster City Bureau of Police*, No. 17-1885, 2021 WL 5987734, at *5 (E.D. Pa. Dec. 16, 2021) (dismissing due process claim based on police officers' failure to return property seized pursuant to a warrant because Pennsylvania provides an adequate post-deprivation remedy with Rule 588(A)).

jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Chase-Keyes alleges he is a resident of Pennsylvania, and STPD operates in Montgomery County, which is located in this District, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. (*See* Compl. at 1.) Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Chase-Keyes leave to proceed *in forma pauperis* and dismiss the Complaint.[6] All federal claims will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"). His state law claims will be dismissed without

---

[6] Chase-Keyes also prematurely filed a proposed summons. (ECF No. 5.) Because this case did not pass statutory screening and will not proceed to the service stage, his summons will be stricken from the record as unauthorized.

prejudice, so Chase-Keyes can file these claims in the appropriate state court is he chooses to do so. The Court expresses no opinion on the merits of any such lawsuit.

An appropriate Order dismissing this case will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____
**WENDY BEETLESTONE, C. J.**